**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| IRA S. WEINBERG,<br>        Appellant, | DOCKET NUMBER<br>NY-1221-11-0069-W-4 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>        Agency. | DATE: September 12, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ira S. Weinberg, Saranac Lake, New York, pro se.

Tiffany O. Lee, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to correct the administrative judge's analysis regarding the agency's burden of proof in this case, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 As further detailed in the initial decision, the agency appointed the appellant to the position of Clinical Nurse in August 2009, subject to a 1-year probationary period. *Weinberg v. Department of Justice*, MSPB Docket No. NY-1221-11-0069-W-4, Appeal File, Tab 3, Initial Decision (ID) at 2.[2] He worked in the Health Services Unit of a correctional facility. ID at 2. In July 2010, the agency terminated him during his probationary period for unsatisfactory performance. *Id.*; *Weinberg v. Department of Justice*, MSPB Docket No. NY-1221-11-0069-W-2, Appeal File (AF-2), Tab 12 at 22-24. In support of its action, the agency cited several specific instances, including the appellant twice administering the wrong medication to inmates on May 21, 2010,

---

[2] Due to various delays, the administrative judge repeatedly dismissed the instant appeal without prejudice for refiling at a later date, resulting in several docket numbers for this single matter. *Weinberg v. Department of Justice*, MSPB Docket No. NY-1221-11-0069-W-1, Initial Appeal File, Tab 9; *Weinberg v. Department of Justice*, MSPB Docket No. NY-1221-11-0069-W-2, Appeal File, Tab 17; *Weinberg v. Department of Justice*, MSPB Docket No. NY-1221-11-0069-W-3, Appeal File, Tab 29.

his alleged failure to follow proper procedures for prepping an inmate for a medical procedure at an outside facility on June 13, 2010, and his alleged failure to exercise sound medical judgment on June 27, 2010. AF-2, Tab 12 at 22. According to the decision letter, the appellant's performance had not improved, despite being counseled repeatedly by his supervisor. *Id.*

¶3    The appellant filed a complaint with the Office of Special Counsel (OSC), asserting that he was terminated in reprisal for making various disclosures. *Weinberg v. Department of Justice*, MSPB Docket No. NY-1221-11-0069-W-1, Initial Appeal File, Tab 1 at 2-3. The instant IRA appeal followed. *Id.* at 1. The administrative judge held the requested hearing and issued an initial decision denying the request for corrective action. ID at 1-2. The appellant has filed a petition for review. *Weinberg v. Department of Justice*, MSPB Docket No. NY-1221-11-0069-W-4, Petition for Review (PFR) File, Tab 1. The agency has filed a response, and the appellant has replied.[3] PFR File, Tabs 3-4.

¶4    The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). As to the exhaustion requirement, it is met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11. The Board's jurisdiction is limited to those issues that have been

---

[3] The Acting Clerk of the Board issued an Order Sealing the Record because it contains sensitive medical and personally identifying information. PFR File, Tab 5. The appellant filed an objection to the Acting Clerk's order but, because it was not filed within the 15-day deadline set by the Acting Clerk, we have not considered it. PFR File, Tab 6.

previously raised with OSC. However, an appellant may give a more detailed account of his whistleblowing activities before the Board than he did to OSC. An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. An appellant may also establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that the appellant raised with OSC the substance of the facts in the Board appeal. *Id.*

¶5    After establishing the Board's jurisdiction in an IRA appeal, an appellant bears the burden of establishing a prima facie case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure that was a contributing factor in a personnel action taken against him. 5 U.S.C. § 1221(e)(1); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 11 (2012). If an appellant makes out a prima facie case, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(1)-(2); *Mattil*, 118 M.S.P.R. 662, ¶ 11. In determining whether an agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of whistleblowing, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

¶6    Below, the administrative judge addressed 20 alleged disclosures, all of which are fully detailed in the initial decision. ID at 7-27. He found that the Board lacked jurisdiction over disclosure 1 because the appellant failed to prove

exhaustion with OSC. ID at 8-9. The administrative judge also found that the appellant failed to meet his burden of proving that disclosures 7, 14, 16, 18, and 20 were protected. ID at 16-17, 22-27. However, he found that the appellant did meet his burden of showing that disclosures 2-6, 8-13, 15, 17, and 19 were protected. ID at 9-26. In addition, the administrative judge found that the appellant met his burden of showing that his protected disclosures were a contributing factor in his probationary termination. ID at 27-29.

¶7        Because the appellant met his burden of presenting a prima facie case of whistleblower reprisal, the burden shifted to the agency to show by clear and convincing evidence that it still would have terminated the appellant's employment, absent his protected disclosures. *See supra* ¶ 5. The administrative judge addressed the matter accordingly. He first found that the agency's evidence in support of the probationary termination was strong. ID at 29-46. He also found that at least one agency official involved in the appellant's termination had some motive to retaliate. ID at 46-47. Finally, he found that there was no evidence that the agency treated similarly situated employees who were not whistleblowers more favorably. ID at 47. After weighing those factors, the administrative judge concluded that the agency met its burden by proving that it would have taken the same action in the absence of the appellant's whistleblowing. *Id.* Therefore, he denied the appellant's request for corrective action. *Id.*

¶8        Although the appellant has filed a petition for review, it contains no arguments or evidence. PFR File, Tab 1. Instead, it simply indicates that the appellant "would like a review." *Id.* at 1. A petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92-93 (1992). Before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific

evidence in the record which demonstrates the error. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980), *review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam). Because the appellant's petition for review contains neither evidence nor argument demonstrating any error by the administrative judge, we find that his petition does not meet the Board's criteria for review under 5 C.F.R. § 1201.115.

¶9     The appellant's reply brief does contain some arguments, such as assertions that he was set up to fail and lacked adequate sleep during the times of his alleged performance deficiencies. PFR File, Tab 4 at 1-2. However, a reply is limited to the issues raised by another party in the response to the petition for review. 5 C.F.R. § 1201.114(a)(4). It may not raise new allegations of error. *Id.* Accordingly, we will not consider arguments first raised in the appellant's reply. *See Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 5 n.3 (2015) (declining to consider new arguments that were first raised in a reply brief).[4]

---

[4] We modify the initial decision as to an erroneous finding by the administrative judge, which does not change the outcome of the case. The administrative judge, in analyzing the second *Carr* factor, addressed the possible motive of two individuals who were in a position to influence the appellant's removal. The administrative judge found that one of these two individuals was implicated by one of the appellant's disclosures but did not have a strong motive to retaliate under the circumstances. ID at 46-47. The administrative judge also found that the other individual in question did not have a motive to retaliate because she was not implicated by the appellant's disclosures, even though her subordinates were. ID at 46. In making this finding, the administrative judge failed to recognize Board precedent establishing that a supervisor may have a motive to retaliate based on disclosures that their subordinates have engaged in wrongdoing. *Compare Runstrom v. Department of Veterans Affairs*, 123 M.S.P.R. 169, ¶ 17 (2016) (concluding that a disclosure about another employee's alleged improprieties did not reflect negatively on that employee's supervisor because agency officials quickly looked into the matter and found no wrongdoing), *with Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 29 (2015) (finding that agency officials had a possible motive to retaliate based on a disclosure that an individual within their chain of command was harassing the appellant, which reflected on the officials' capacities as managers and employees), *and Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶¶ 32-33 (2013) (finding that disclosures of subordinate employees' wrongdoing created a motive to retaliate on the part of their first- and second-level supervisors). However, the appellant did not raise this issue on review. Additionally, the appellant did not raise on review the issue that if an agency fails to present evidence

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

regarding the third *Carr* factor, it does not weigh in the agency's favor. *See Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶¶ 17-18. Even if he had, we would find that the agency still met its burden. While we would recognize that the supervisor in question may have had a motive to retaliate because her subordinates were implicated by many of the appellant's disclosures and while the third *Carr* factor would not weigh in the agency's favor, the first *Carr* factor weighed heavily in its favor.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.